IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAREN CARNEY, ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-04-3434 |
| | * | |
| ASSURANCE COMPANY OF AMERICA | * | |
| | ***** | |

MEMORANDUM

Caren M. Carney and Jane O'Neill have brought this action for breach of contract and a declaratory judgment against Assurance Company of America.[1] Defendant provided a builder's risk insurance policy covering a new home that plaintiffs were having constructed, and plaintiffs claim that certain damages they have suffered are covered by the policy. Defendant has filed a motion for summary judgment. The motion will be granted.[2]

I.

In August 2001, Plaintiffs contracted with Melvin Merritt, a general contractor, for construction of a deck house, which consisted of extensive cedar wood siding on the exterior and interior of the dwelling. Merritt contracted with Mark Good, a subcontractor, to paint and treat the wood with a

---

[1] Plaintiffs originally instituted this action in the Circuit Court for Anne Arundel County, Maryland, and it was removed to this court by defendant on the basis of the parties' diversity of citizenship.

[2] Also pending are a motion to compel discovery filed by plaintiff and a motion to strike the motion to compel filed by defendant. Any response that defendant might make to the discovery requests in question would not affect my ruling on defendant's summary judgment motion. Therefore, both the motion to compel and the motion to strike will be denied as moot.

preservation product.  In January 2003, Plaintiffs "first learned that as the result of poor workmanship performed by Merritt's painting subcontractor, the wood siding was damaged and destroyed."  (Am. Compl.¶ 12.)   At the same time Plaintiffs "first became aware that the wood siding of their home was damaged and destroyed as a direct result of improper, inadequate, and defective painting and finishing.  (Am. Compl. ¶ 22.)  On May 21, 2003, Plaintiffs filed a claim with Defendant for this damage under the builder's risk policy.  On August 21, 2003, Defendant denied plaintiff's claim because its investigation disclosed that the wood was not treated and protected properly by the contractor, and that plaintiffs' damages therefore fell within a policy exclusion for loss "caused by faulty, inadequate, and defective . . . workmanship."  (Def.'s Ex. 10 at 1-2.)[3]

II.

Plaintiff's allegations in paragraphs 12 and 22 of the amended complaint squarely bring their claim into the exclusion for faulty workmanship.  They repeated the substance of these allegations in their answer to the fifth interrogatory propounded by defendant, in which they describe the cause of loss as follows:

> As a result of the failure of Merritt and his subcontractors to properly administer the Sikkens product to the siding and shingles, the cedar was destroyed.

---

[3] A claim case manager of defendant initially denied plaintiffs' claim on the basis of a "wear and tear" exclusion as well on the basis of the faulty workmanship exclusion.  Although defendant represents in its reply memorandum that it continues to believe the wear and tear exclusion applies, it has not pressed the contention during this litigation.  Plaintiffs argue that its failure to do so creates a genuine issue that precludes the entry of summary judgment.  Arguably, there might be a basis for such an argument if the wear and tear exclusion had been the only ground on which defendant originally denied coverage.  But that is not the case.  Rather, defendant has chosen to pursue at this stage one of two exclusions upon which it denied plaintiffs' claim.

Plaintiffs seek to escape the consequences of their own averments by distinguishing between "accidentally improperly timed but otherwise proper installation" of the wood in question and the improper staining of that wood. They assert that because it was the former that caused their damages, the policy exclusion does not apply. They also contend that because they are seeking recovery not for the cost of removing and replacing the stain but replacing the underlying wood materials, their claim is covered.

The distinctions drawn by plaintiff are insignificant. Assuming that the installation of the wood was otherwise proper, the "untimeliness" of the installation itself was faulty workmanship. Likewise, the improper staining of the wood equally constituted "faulty workmanship." Therefore, however the subcontractor's mistakes are characterized, the policy exclusion applies.

The other arguments plaintiffs make are equally unavailing. Assuming, as plaintiffs contend, that there is circularity in the language of the policy (using the same terms to define other terms), plaintiffs have made no showing that any such circularity removes their claim from the exclusion for faulty workmanship. Likewise, assuming that the exception contained in the faulty workmanship exclusion for a "loss by a covered cause of loss" is redundant, plaintiffs have made no showing that the redundancy creates an ambiguity that removes their claim from the exclusion.[4]

Finally, plaintiffs' attempt to distinguish *Arnold v. Cincinnati Ins. Co.*, 688 N.W.2d 708 (Wis.

---

[4] It is to be noted that plaintiffs' contention that the exception clause is redundant itself is unpersuasive. Such exceptions appear to be routine in the industry and apply to such situations where an excluded cause of loss, e.g., an earthquake, may both independently cause damage and result in a fire, an occurrence that is a covered cause of loss. In that situation the direct earthquake damage would not be insured but the ensuing fire damage would be insured. *Cf. McEvoy v. Security Fire Ins. Co. of Baltimore*, 73 A. 157, 110 Md. 275 (1909).

Ct. App. 2004), a case relied upon by defendant, is unpersuasive. In *Arnold*, the court held that there was no coverage for rot and mold damage caused to a house and the cedar siding of a house as a result of contractors' faulty work. Plaintiffs have responded to *Arnold* only by submitting the affidavit of a lawyer who asserts that in his experience, "Wisconsin law is generally more favorable than Maryland law is to insurance companies." Aside from the fact that legal arguments on summary judgment motions should be made in memoranda, not by way of affidavit, the fact that Wisconsin law generally may be more favorable than is Maryland law to insurers does not mean that on a specific issue Wisconsin and Maryland law differ. In the final analysis, plaintiffs' position is that an exclusion for faulty workmanship does not encompass what they themselves have alleged to be damage resulting from "poor workmanship" and "improper, inadequate, and defective painting and finishing." Not surprisingly, they cite no Maryland case in support of this view.

     A separate order granting defendant's motion and entering judgment on its behalf is being entered herewith.


Date: April 19, 2005                    /s/_____
                                        J. Frederick Motz
                                        United States District Judge